NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARIA JOSE CARRASCOSA,            :
                                  :  Civil Action No. 12-5173 (SDW)
            Petitioner,           :
                                  :
            v.                    :  **OPINION**
                                  :
WILLIAM HAUCK, et al.,            :
                                  :
            Respondents.          :

**APPEARANCES:**

> MARIA JOSE CARRASCOSA, Petitioner *pro se*
> #648144/446412E
> Edna Mahan Correctional Facility
> P.O. Box 4004
> Clinton, New Jersey 08809
>
> ANNMARIE COZZI, ESQ.
> BERGEN COUNTY PROSECUTOR'S OFFICE
> 10 Main Street
> Hackensack, New Jersey 07601
> Counsel for Respondents

**WIGENTON**, District Judge

Petitioner Marie Jose Carrascosa ("Petitioner" or

"Carrascosa"), a convicted state prisoner presently confined at

the Edna Mahan Correctional Facility in Clinton, New Jersey, has

submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, challenging her December 23, 2009 New Jersey

state court judgment of conviction.  For the reasons stated

herein, the Petition will be dismissed without prejudice as unexhausted and procedurally barred at this time.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

The facts pertaining to Petitioner's criminal proceeding are quite involved and have been set forth in significant detail in prior litigation brought by Petitioner in the District of New Jersey.[1]  *See e.g., Carrascosa v. McGuire*, Civil No. 07-0355 (DRD), 2007 WL 496459 (D.N.J. Feb. 8, 2007), *aff'd*, 520 F.3d 249 (3d Cir. 2008).  Simply stated, Carrascosa has been challenging her detention since November 2006, and now her New Jersey state criminal conviction in this habeas proceeding, which resulted from her violations of custody and civil contempt orders issued by the Superior Court of New Jersey in a contentious divorce and custody battle.  This Court relies substantially on the February 8, 2007 Opinion issued by the Honorable Dickinson R. Debevoise, in Carrascosa's prior habeas action, Civil No. 07-0355 (DRD), as follows.

---

[1] Petitioner has filed several actions in the District of New Jersey over the past several years.  All of these cases pertain to Carrascosa's divorce proceedings and custody dispute that resulted in her criminal charges at issue.  Carrascosa's many lawsuits and petitions are listed as follows: *Carrascosa v. McGuire, et al.*, Civil No. 09-3539 (DRD); *Carrascosa, et al. v. Dr. Shaw-Dr. Ayers, et al.*, Civil No. 07-5648 (KSH); *Carrascosa v. U.S.A.*, Civil No. 07-5019 (PGS); *Carrascosa v. McGuire, et al.*, Civil No. 07-355 (DRD); *Carrascosa v. Innes*, Civil No. 06-4648 (SDW); *Carrascosa v. Torack, et al.*, Civil No. 06-3503 (SRC).  All of these actions have been dismissed and/or terminated.

Carrascosa, a citizen of Spain, married Peter Innes, a U.S. citizen, in 1999. They had a daughter, born in April 2000, who has dual citizenship in Spain and the United States by virtue of her parents' citizenship. Carrascosa and Innes eventually separated in early 2004. On October 8, 2004, Carrascosa and Innes signed a custody agreement regarding their daughter that, *inter alia*, prohibited either parent from traveling outside of the United States (or a 90-mile radius from Fort Lee, New Jersey) with their daughter without the written consent of the other party. The daughter's U.S. and Spanish passports were held in trust by Mitchell A. Liebowitz, Esq. *Carrascosa v. McGuire*, 2007 WL 496459 at *1.

On December 10, 2004, Innes filed for divorce from Carrascosa in New Jersey. He sought joint custody of their daughter. On December 15, 2004, Carrascosa filed an action in Spain seeking recognition of the nullification of her marriage and for custody of their daughter. On January 12, 2005, Carrascosa removed her daughter to Spain without the written consent or knowledge of Innes. *Id*.

In the New Jersey state court proceedings, on February 4, 2005, an order was entered requiring the return of the daughter from Spain and directing that Innes and Carrascosa abide by their earlier October 8, 2004 custody agreement. Carrascosa

appealed, and on March 14, 2005, the Appellate Division denied her appeal. Thereafter, on March 22, 2005, the New Jersey court granted temporary custody of the child to Innes, and ordered that the child be returned from Spain within three weeks. The order further stated that, if the child was not returned from Spain, a warrant would issue immediately for the arrest of Carrascosa. The child was not returned as directed by the court order. *Id.* at *2.

On June 14, 2005, Innes filed an application in the Spanish Court seeking the immediate return of his daughter pursuant to the terms of the Hague Convention's Civil Aspects of International Child Abduction and 41 U.S.C. § 11601 *et seq.*, the International Child Abduction Remedies Act ("ICARA"), and the New Jersey court order. In mid-2005, the Spanish Court ordered that the child was prohibited from leaving Spain for delivery to the custody of Innes in the United States. *Carrascosa*, 2007 WL 496459 at *2. In light of the Spanish Court's order, on November 4, 2005, the Honorable Edward V. Torack, J.S.C., who replaced the prior judge in the New Jersey divorce and custody proceedings, vacated all orders relating to custody and parenting time, child support and the arrest of Carrascosa, but retained jurisdiction over the property rights and financial issues in the divorce proceedings. *Id.* at *3.

However, on November 11, 2005, the Spanish Court reversed itself due to lack of international jurisdiction, because both spouses did not have a habitual residence in Spain at the time the petition was filed in Spanish Court.  On December 9, 2005, Judge Torack promptly reinstated the action in the Superior Court of New Jersey and ordered that Carrascosa return the child from Spain to New Jersey by December 22, 2005, or face sanctions.  Judge Torack also ordered that the parties submit to custody evaluations, but Carrascosa failed to report for her custody evaluation.  A final judgment of divorce was entered on August 23, 2006.  *Id*. at **3, 4.[2]

The Bergen County Prosecutor's Office issued an arrest warrant for Carrascosa based on her violations of Judge Torack's contempt and custody orders pertaining to the return of the child from Spain.  Carrascosa was arrested on November 30, 2006.

On December 19, 2006, a Bergen County Grand Jury returned a nine count indictment (Indictment No. 06-12-02222-I) against Petitioner, charging Petitioner with four counts of interference with the custody of children in violation of N.J.S.A. 2C:13-4A(1) and (2); four counts of violating a custody and visitation order, in violation of N.J.S.A. 2C:13-4A(4); and one count of

---

[2] For further detail regarding the custody battle that gave rise to Petitioner's criminal charges, this Court also refers to *Innes v. Carrascosa*, 391 N.J. Super. 453 (N.J. App. Div. 2007).

contempt of a judicial order, in violation of N.J.S.A. 2C:29-9A. (Ra1,[3] Indictment No. 06-12-02222-I.)

On November 12, 2009, after trial before a jury and the Honorable Donald R. Venezia, J.S.C., the jury returned a guilty verdict on all charges. On December 23, 2009, Judge Venezia sentenced Petitioner to an aggregate prison term of 14 years. (Ra2.)

On February 9, 2010, Petitioner filed a notice of appeal from the judgment of conviction with the Superior Court of New Jersey, Appellate Division. No conforming brief on appeal was filed by Carrascosa. On November 2, 2011, the Appellate Division issued an Order dismissing Petitioner's appeal for failure to correct noted deficiencies in her appellate brief within the time period provided. (Ra3.) On December 7, 2011,

---

[3] The State provided the relevant state court record with a list of exhibits, hereinafter denoted as "Ra", as follows:

Ra1   Indictment No. 06-12-02222-I. (ECF No. 18-1.)
Ra2   December 23, 2009 Judgment of Conviction. (ECF No. 18-2.)
Ra3   November 2, 2011 Appellate Division Order dismissing appeal. (ECF No. 18-3.)
Ra4   December 7, 2011 Appellate Division Order denying motion to vacate dismissal and reinstate appeal. (ECF No. 18-4.)
Ra5   Letter from the Clerk of the Appellate Division to Petitioner, dated January 12, 2012. (ECF No. 18-5.)
Ra6   Letter from the Clerk of the Appellate Division to Petitioner, dated March 15, 2012. (ECF No. 18-6.)
Ra7   August 25, 2012 Order, Superior Court of New Jersey, Law Division, memorializing Petitioner's decision to waive counsel on appeal. (ECF No. 18-7.)

the Appellate Division denied Carrascosa's motion to vacate

dismissal and to reinstate her appeal.  (Ra4.)  The Appellate

Division stated that the "appeal will be reinstated upon the

following conditions: (1) the merits brief must be filed no

later than 1/27/12; (2) the brief may be prepared by an attorney

on behalf of appellant or by appellant pro se. ... If the brief

is not filed by 1/27/12, the dismissal will become permanent."

(*Id.*)  Petitioner did not comply with the Appellate Division's

Order as directed.

Instead, Petitioner timely filed this habeas petition under

28 U.S.C. § 2254, on August 13, 2012, with hundreds of pages of

unverified typed and handwritten documents, letters and accounts

to support her petition.  (ECF No. 1.)  On September 4, 2012,

Carrascosa filed a brief and appendix, which were mostly

illegible or duplicative of her prior submissions.  (ECF Nos. 4,

5.)  On September 28, 2012, Petitioner filed a motion to expand

the record, again submitting more of the same, repetitive

documentation and arguments.  (ECF No. 7.)  She also filed a

motion for appointment of counsel and to proceed as an indigent

on October 2, 2012.  (ECF No. 8.)  In an Order issued on April

2, 2013, this Court granted Carrascosa's application to proceed

*in forma pauperis*, but denied appointment of counsel without

prejudice.  (ECF No. 23.)  This Court also dismissed

Petitioner's motion to expand the record as moot, finding that Petitioner's submission "actually appears to only be an amended brief in support of her petition, with additional exhibits." (*Id.*)

On January 3, 2013, this Court issued an Order directing Respondents to file a limited answer addressing issues of timeliness and exhaustion. (ECF No. 13.) The State responded on February 4, 2013, asserting that the petition should be dismissed as unexhausted and procedurally defaulted.[4] On February 14, 2013, Carrascosa filed a motion to strike the response and for entry of default, (ECF No. 19), which was denied by Order dated April 2, 2013. (ECF No. 23.) On February 15, 2013, Petitioner filed a reply to the State's answer to the petition. (ECF No. 21.)

On April 26, 2013, Carrascosa filed a motion for admission of evidence, again attaching hundreds of pages of documents, most of which she previously submitted. (ECF No. 25.) On June 25, 2013, July 1, 2013, September 23, 2013, October 7, 2013, November 12, 2013 and December 6, 2013, Carrascosa again inundated the Court with repetitive submissions of documentary "evidence" and rambling, somewhat illegible handwritten letters

_____

[4] The State admits that the habeas petition was timely filed.

8

of argument in support of her habeas petition. (ECF Nos. 30, 31, 32, 33, 34, 35, 36 and 37.)

## II. <u>STATEMENT OF CLAIMS</u>

In her habeas petition, filed on August 13, 2012, Carrascosa asserts the following grounds for relief:

Ground One: Ineffective assistance of counsel and "defense unconscionable with the U.S. Const. Sixth Amend. And N.J. Const. Art. I par. 10."

Ground Two: "Inability to comply, justification, compliance with N.J.S.A. 2C:13-4d – Actual Innocence."

Ground Three: "Falsified Evidence" and "Fraud upon the State and Federal courts."

Ground Four: "Bias, Prejudism [sic], Abuse of Discretion, Judicial Misconduct;" and "Trial Court Wrongful Rulings."

Ground Five: Prosecutorial Misconduct.

Ground Six: "The prosecution and its main witness and his police deputy lover/wife tampered with the defense witnesses to secure they would not testify in Carrascosa's favor at trial. On sentencing, Carrascosa informed the trial judge, and on motion requested a mistrial."

Ground Seven: "The undue influence, political interference with the administration of justice in proceedings did not afford Carrascosa a due process, and warrants vacation of all

9

proceedings where said political interference was part of

proceedings – in the Chancery Division, the civil habeas corpus

petition 07.CV.0355, and criminal proceedings."

Ground Eight: "Petition for habeas corpus from

institutional charges, where Carrascosa was entrapped and

falsely accused, without being afforded, once again a due

process."[5]

(ECF No. 1, Petition at ¶ 12A-D; ECF No. 1-2, Petitioner's Brief

at 84-114.)

The State argues that the petition should be dismissed as

unexhausted and procedurally defaulted. (ECF No. 18.)

### III. DISCUSSION

A pro se pleading is held to less stringent standards than

more formal pleadings drafted by lawyers. *Estelle v. Gamble*,

429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A pro se habeas petition and any supporting submissions

must be construed liberally and with a measure of tolerance.

*See Campbell v. Burris*, 515 F.3d 172, 185-86 (3d Cir. 2008);

*Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Thus, because

Petitioner is proceeding as a *pro se* litigant in this matter,

the Court will accord her habeas petition the liberal

construction intended for *pro se* petitioners.

---

[5] This allegation appears to be related to a prison disciplinary
action and not Petitioner's judgment of conviction.

A.  Exhaustion Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, this Court has jurisdiction to entertain a petition for federal habeas relief as follows:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

However, this Court may not grant a petition for a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  It is a statutory requirement of every § 2254 petition that federal constitutional claims be raised and addressed on the merits in state court prior to the filing of a habeas petition in federal court.[6]  *See Granberry v. Greer*, 481 U.S. 129, 131 (1987); *Rose v. Lundy*, 455 U.S. 509, 516–18 (1982).  This means that both the legal substance and factual predicate of each claim presented for federal habeas review must

_____

[6] Once the litigant duly raises such claims, these claims are deemed exhausted even if the state courts denied relief without expressly addressing those claims.  *See Harrington v. Richter*, --- U.S. ----, 131 S.Ct. 770, 178 L.Ed.2d 624 (U.S. Jan. 19, 2011) (a state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever; such determination is nonetheless subject to same degree of deference for the purposes of the court sitting in habeas review).

be materially the same as those of the corresponding claim presented to all levels of state court. *See Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Further, the petitioner must present the claim to the state courts in a recognizable way so that the court is not required to "read beyond a petition" to understand the claim. *Moore v. DiGuglielmo*, 489 F. App'x 618, 622 (3d Cir. 2012) (quoting *Baldwin v. Reese*, 541 U.S. 27, 32 (2004)).

Finally, "[i]n order for a claim to be exhausted, it must be fairly presented' to the state courts by invoking one complete round of the State's established appellate review process.'" *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)). *See also Rolan*, 680 F.3d at 317 (observing that a petitioner satisfies the exhaustion requirement only after he presents his claims in the "state court's highest tribunal"). Thus, where any available state procedure remains, even if only theoretically, the claims cannot be deemed exhausted. *See* 28 U.S.C. § 2254(c).

The exhaustion requirement "ensures that state courts have an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (quotation marks omitted). The

failure to exhaust state remedies may be excused on the grounds

of futility only where there is "an absence of available State

corrective process," or where "circumstances exist that render

such process ineffective to protect the rights of the

applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *Carpenter*, 296

F.3d at 146; *Jones v. Pennsylvania Bd. Of Probation and Parole*,

492 F. App'x 242, 243-44 (3d Cir. 2012).

In this case, the State argues that Carrascosa has failed

to exhaust her state court remedies because she did not perfect

her direct appeal before the Appellate Division and the Supreme

Court of New Jersey. Moreover, while Carrascosa had filed a

notice of appeal, it was dismissed for noted deficiencies in her

appellate brief, and that appeal allegedly has become permanent.

Petitioner's habeas petition and her brief in support of

her petition allege that Petitioner raised all of her claims in

her notice of appeal. However, Petitioner neglected to pursue

her direct appeal as directed by the Appellate Division, and

accordingly, her appeal was dismissed without any ruling on the

merits of her purported claims. Accordingly, this Court finds

that this habeas petition is unexhausted and is subject to

dismissal on that ground as asserted by the State.

B.  <u>Procedural Default Doctrine</u>

The State also argues that the habeas petition should be
dismissed with prejudice because Carrascosa has procedurally
defaulted on her claims in state court.

"Where a state court refuses to consider a [habeas]
petitioner's claims because of a violation of state procedural
rules, a federal ... court is [generally] barred by the
procedural default doctrine from considering the claims."
*Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013) (quoting
*Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004).
Procedural default occurs when a claim has not been fairly
presented to the state courts (i.e., is unexhausted) and there
are no additional state remedies available to pursue, *see Wenger
v. Frank*, 266 F.3d 218, 223–24 (3d Cir. 2001); or, when an issue
is properly asserted in the state system but not addressed on
the merits because of an independent and adequate state
procedural rule.  *Rolan*, 680 F.3d at 317 (citations omitted).
"Ordinarily, violation of firmly established and regularly
followed state rules ... will be adequate to foreclose review of
a federal claim.  There are, however, exceptional cases in which
exorbitant application of a generally sound rule renders the
state ground inadequate to stop consideration of a federal
question."  *Lee v. Kemna*, 534 U.S. 362, 376 (2002) (internal

quotation marks and citations omitted); *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007) (holding that procedural default rests on the violation of a state procedural rule that is "independent of the federal question [presented] and adequate to support the judgment") (citations omitted).

The requirements of "independence" and "adequacy" are distinct. *See Johnson v. Pinchak*, 392 F.3d 551, 557–59 (3d Cir. 2004). State procedural grounds are not independent, and will not bar federal habeas relief, if the state law ground is so "interwoven with federal law" that it cannot be said to be independent of the merits of a petitioner's federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 739–40 (1991).

A state rule is "adequate" for procedural default purposes if it was "firmly established, readily ascertainable, and regularly followed at the time of the purported default." *Szuchon v. Lehman*, 273 F.3d 299, 327 (3d Cir. 2001) (citations omitted). These requirements ensure that "federal review is not barred unless a habeas petitioner had fair notice of the need to follow the state procedural rule," *Bronshtein v. Horn*, 404 F.3d 700, 707 (3d Cir. 2005), and that "review is foreclosed by what may honestly be called 'rules' ... of general applicability[,] rather than by whim or prejudice against a claim or claimant."

*Id.* at 708. *See also Thomas v. Secretary, Pennsylvania Dept. of Corrections*, 495 F. App'x 200, 204-05 (3d Cir. 2012).

Whether an issue was procedurally defaulted under state rules can be a complex determination. A discretionary denial is not enough. Federal review is barred only when state "review is foreclosed by 'what may honestly be called 'rules' ... of general applicability[,] rather than by whim or prejudice against a claim or claimant." *Leyva*, 504 F.3d at 366 (quoting *Bronshtein v. Horn*, 404 F.3d 700, 707 (3d Cir. 2005)). Thus the state rule barring petitioner's claim must be one that is "firmly established and regularly followed." *Walker v. Martin*, --- U.S. ----, 131 S.Ct. 1120, 1127, 179 L.Ed.2d 62 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 61 (2009)). On that issue, a reviewing federal court may consider whether "(1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance is consistent with other decisions." *Leyva*, 504 F.3d at 366 (quoting *Jacobs v. Horn*, 395 F.3d 92, 117 (3d Cir. 2005)).

Here, Carrascosa did present her purported claims on direct appeal, but the Appellate Division dismissed her appeal without addressing the merits of her claims because her brief was

deficient.  This Court finds that Carrascosa's petition here is procedurally defaulted because the Appellate Division's dismissal of her appeal was based on an independent and adequate state procedural rule.  The state procedural ground on which the dismissal was based, *i.e.*, Carrascosa's failure to comply with N.J.Ct.R. 2:6-2(a) regarding the filing of a formal brief on appeal, was plainly independent of the merits of Petitioner's claims and cannot be said to be "interwoven with federal law." *Coleman*, 501 U.S. at 739-40.  Moreover, this state procedural rule is a firmly established rule of general applicability to all litigants and was not applied against Carrascosa by "whim or prejudice." *Bronshtein*, 404 F.3d at 708.  Finally, Petitioner was given fair and adequate notice of the need to comply with the state procedural rule before her appeal was dismissed.  The Appellate Division issued two separate Orders, dated November 2, 2011 and December 7, 2011, informing Carrascosa of the deficiencies in her appeal brief and appendix, and gave her sufficient time to comply with the state court procedural rule before dismissal of her appeal would become permanent on January 27, 2012.  (Ra3, Ra4.)  The Clerk of the Appellate Division also wrote to Carrascosa on January 30, 2012 to inform Petitioner that her motion to vacate dismissal and reinstate the appeal was denied on December 7, 2011, and that the administrative

dismissal must be vacated by court order only after Petitioner cures the deficiencies of her merits brief and appendix if she intends to pursue her appeal.  (Ra5.)

Carrascosa did not attempt to cure the deficiencies of her state appeal, but instead filed this habeas action completely bypassing state court review.  Accordingly, her petition is procedurally defaulted and should be dismissed.

While procedural default excuses exhaustion, it is a double-edged sword, *i.e.*, the doctrine was not created as an incentive for state litigants to circumvent state court review. Thus, a federal court may consider the merits of a procedurally defaulted claim only if "the petitioner establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default."  *Holloway v. Horn*, 355 F.3d 707, 715 n. 3 (3d Cir. 2004) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

In order to show cause, a petitioner must ordinarily "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Crocker v. Klem*, 450 F. App'x 136, 138 (3d Cir. 2011) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  In this case, Carrascosa cannot make this showing.  As pointed out by the State, the dismissal of Carrascosa's appeal was due to her own failure to file a conforming merits brief and appendix

consistent with state court procedural rules. The Appellate
Division gave Carrascosa fair notice and opportunity to cure the
deficiencies in her appeal brief but Carrascosa continued to
ignore her obligation.

Moreover, Carrascosa also was given the opportunity to
obtain counsel on direct appeal and she waived that right to
assigned counsel. In a waiver hearing conducted on August 25,
2010, Judge Venezia determined that Carrascosa made a knowing,
voluntary and intelligent waiver of counsel. (Ra7.) Thus,
Carrascosa herself was the impediment and cause of her
procedural default, not any objective factor external to her
ability to comply with the state procedural rules governing the
submission of conforming briefs on appeal.

Carrascosa also fails to establish prejudice or a
fundamental miscarriage of justice. To establish a fundamental
miscarriage of justice, a petitioner must generally demonstrate
"actual innocence." *Leyva*, 504 F.3d at 366; *Peters v. Folino*,
450 F. App'x 127, 131 (3d Cir. 2011) (noting that to satisfy the
fundamental-miscarriage-of-justice exception, a petitioner's
claim must encompass a "colorable showing of factual innocence."
(quoting *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)). *See also*
*Schlup v. Delo*, 513 U.S. 298, 327 (1995) (holding that a
petitioner must show that "the constitutional violation has

probably resulted in the conviction of one who is actually innocent," such that "no reasonable juror would have convicted him in the light of the new evidence"). In other words, to excuse a procedural default with a gateway claim of actual innocence, Carrascosa must first present "new, reliable evidence ... that was not presented at trial." *Schlup*, 513 U.S. at 324.

Here, Carrascosa fails to make a credible gateway showing of actual innocence. The State contends that the evidence presented at trial amply showed that Carrascosa had taken her daughter to Spain in violation of court orders and New Jersey law. Moreover, the "evidence" that Carrascosa has submitted in this habeas action is not new or reliable evidence; rather, it is the same as presented and rejected in her state court proceedings.[7] Petitioner is simply re-filing the same repetitive documents, which do not support her actual innocence. Thus, this Court finds that Carrascosa's claims do not fall within the fundamental miscarriage of justice exception to the procedural

---

[7] In addition, the Court notes that Carrascosa's repetitive and voluminous documents are admittedly the same documents that she filed in state appellate court, which were rejected as nonconforming under state court rules. Even in this action, Petitioner repeatedly submits the same documents again and again for the alleged purpose of expanding the record. In this regard, Carrascosa's extraneous or superfluous filings in this case likewise do not substantially conform to the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), in particular Habeas Rule 2(c) as to the form of the petition, and Rule 7 regarding expansion of the record.

default rule, because she has not demonstrated that she is actually innocent of the crimes for which she was convicted. *See Schlup*, 513 U.S. at 316; *Marrero v. Horn*, 505 F. App'x 174, 178-79 (3d Cir. 2012).

Therefore, because Petitioner cannot show cause and prejudice to excuse her procedural default, or a fundamental miscarriage of justice, the petition is dismissed without prejudice as unexhausted and procedurally barred at this time. Dismissal is without prejudice given the fact that the state court has indicated to Carrascosa that she can still pursue her appeal and vacate the administrative dismissal if she renews a motion to vacate dismissal and reinstate her appeal with the submission of a conforming brief and appendix. (Ra4, Ra5 and Ra6.)

## V. CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it

debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. For the reasons discussed above, this § 2254 habeas petition is time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## IV. CONCLUSION

For the above reasons, this Court finds that the § 2254 habeas petition must be dismissed without prejudice as unexhausted and procedurally defaulted at this time. A certificate of appealability will not issue. An appropriate Order follows.

s/SUSAN D. WIGENTON
United State District Judge